## Case No. 15,893.

UNITED STATES v. NISSLEY et al.

[13 Int. Rev. Rec. 174; 1 Dill. 586.] [1]

Circuit Court, D. Iowa. 1871.

INTERNAL REVENUE — ESTIMATED PRODUCTION OF DISTILLERY.

Under section 20 of the internal revenue act of July 20, 1868 (15 Stat. 125), a distiller is bound to pay taxes on 80 per cent. of the producing capacity of his distillery, although this may be on more than the amount of spirits actually produced.

This was an action on a distiller's bond dated 26th day of August, 1869, and containing the usual conditions. The breach is alleged in the following terms: "That the defendant did not comply with all the provisions of the law in relation to his duties as a distiller, in this, to wit: that in operating his distillery in the months of March and April, 1870, he only paid the assessment on the amount of spirits actually produced, whereas he was bound by the acts of congress to pay on 80 per cent. of the producing capacity of the distillery during the period aforesaid, making a difference of $3,164 between the amount of spirits actually produced by the defendant during the said two months, and the amount legally due the United States when estimated upon the basis of 80 per cent. of the producing capacity of the defendant's distillery." To recover this difference the action is brought, and it is alleged that the amount claimed has been duly ascertained and assessed by the assessor of the district. The defendant [Samuel H. Nissley] demurred to the petition, and the question argued thereon was whether the defendant, having paid the tax on all the spirits actually produced, was bound to pay also the difference between that sum and 80 per cent. of the producing capacity of his distillery? The opinion of the court (in which all the judges before whom the cause was argued concurred) was orally pronounced by Mr. Justice MILLER, who examined and commented on various sections of the act of July 20, 1868.

Mr. Sapp, U. S. Dist. Atty., and Mr. Lowe, Asst. U. S. Dist. Atty.

---

[1] [1 Dill. 586, contains only a partial report.]

Mr. Leffingwell, for defendant.

PER CURIAM. It is the opinion of the court that under the 20th section of the act of July 20, 1868 (15 Stat. 125), the defendant is liable to pay the amount which the government seeks to recover. Under the act, the distiller is bound to pay taxes on all the spirits distilled or produced by him, and hence the various provisions contained in it requiring oaths, books, reports, etc. But in order the further to guard against fraud, the act provides for surveying, estimating and determining the true producing capacity of every distillery (section 10); and it makes it the duty of the assessor each month to determine whether the distiller has accounted in his returns for the preceding month for all the spirits produced by him (section 20), and it prescribes a legislative test or mode of determining the quantity to be accounted for—to wit: forty-five gallons of mash are declared to represent not less than one bushel of grain, and seven gallons of mash not less than one gallon of molasses. If the distiller returns less than the amount this test requires, he is to be assessed for the deficiency. Then follow the concluding words of the section, "but in no case shall the quantity of spirits returned by the distiller, together with the quantity so assessed, be for a less quantity of spirits than 80 per centum of the producing capacity of the distillery as estimated under the provisions of this act." Upon a survey of all the provisions of the statute, the intention of congress seems to be plainly this: The distiller must pay on all he manufactures, even if he produces up to 95 or 100 per cent. of the capacity of the distillery, and therefore we find in the act that the government anxiously provides so many checks against frauds. But to set a limit (which congress deemed to be reasonable) to the extent to which the government might be defrauded, the act declares that the distiller shall absolutely account for 80 per centum of the producing capacity of his distillery. He will have to pay more than this if he actually produces more and it can be shown; but in no event can he escape paying less than 80 per centum of the amount which, as estimated by the act, the distillery has the capacity to produce during the time it is in operation. Demurrer overruled.